Filed 6/18/13  P. v. Bacon CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C072986 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F5380) |
| v. | |
| ROBERT ALAN BACON, | |
| Defendant and Appellant. | |

On August 9, 2010, a complaint was filed charging defendant Robert Alan Bacon with possession of methamphetamine.  Defendant pled no contest.  The trial court placed defendant on three years of formal probation under Proposition 36 and imposed various fees and fines.

According to the probation report, a law enforcement officer conducting a probation search of defendant on July 3, 2010, found 0.30 grams of methamphetamine in a bindle in defendant's right front pocket, along with paraphernalia commonly used in injecting methamphetamine.

On March 4, March 14, April 5, and May 9, 2011, the People filed petitions to revoke defendant's probation, alleging:  (1) defendant was under the influence of a

1

controlled substance and carried a dirk or dagger on February 2, 2011; (2) defendant failed to appear in court on March 4, 2010; (3) defendant was under the influence of a controlled substance and possessed a hypodermic syringe on March 16, 2011; and (4) defendant was under the influence of a controlled substance on April 6, 2011. On May 9, 2011, defendant admitted the probation violations.

On June 7, 2011, the trial court reinstated defendant's probation on the conditions previously ordered, with credit for a total of 92 days in jail (46 actual days and 46 conduct days).

On September 26, 2011, the People filed two petitions to revoke defendant's probation. The first alleged failure to register with, report to, and provide a valid address to law enforcement from June 27, 2011, to July 25, 2011; the second alleged possession of methamphetamine pipes on August 15, 2011. On October 13, 2011, defendant admitted the probation violations, and the trial court referred the matter to the probation department for a recommendation and report.

On December 23, 2011, defendant was arrested for possession of two hypodermic needles and failure to appear after release on his own recognizance. He was released with the promise to appear on March 5, 2012.

On March 5 and August 13, 2012, the People filed petitions to revoke defendant's probation. The first alleged failure to report to the probation department after his release on his own recognizance on December 23, 2011. The second alleged failure to submit a written report to the probation officer since February 17, 2012; failure to report to the probation officer for five days after defendant's arrest on July 5, 2012; being under the influence of a controlled substance on July 18, 2012; and possessing drug paraphernalia on the same date.

On December 10, 2012, defendant admitted all pending probation violations. The trial court imposed a two-year sentence in county jail. The court awarded defendant 118 days of presentence custody credit (59 days of actual credit and 59 days of conduct credit). The court reimposed the fines and fees originally imposed, including a $200 restitution fine and a previously suspended $200 probation revocation restitution fine; a total fine of $760, comprised of a $200 base fine, a $200 state penalty assessment, a $20 DNA penalty assessment, a $60 DNA penalty assessment, a $100 state court facilities construction fee, a $140 county penalty assessment, and a $40 state criminal fine surcharge; a $190 criminal laboratory fee, comprised of $50 pursuant to Health and Safety Code section 11372.5, $50 pursuant to Penal Code section 1464, $10 pursuant to Penal Code section 1465.7, $5 pursuant to Government Code section 76104.6, $15 pursuant to Government Code section 76104.7, $25 pursuant to Government Code section 70372, subdivision (a)(1), and $35 pursuant to Government Code section 76000, subdivision (a)(1); a $40 court operations assessment; and a $30 criminal conviction assessment fee.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

                                               ROBIE     , J.

We concur:

        RAYE      , P. J.

        HOCH     , J.